MARTHA F. CAUL, Plaintiff and Appellant, v. LUEY G. WEIDNER, Defendant and Appellee.

No. 3660.   Argued December 11, 1925.—Decided April 19, 1926.

O. M. Wood and Luis E. Dubón for the appellant.   Juan B. Soto for the appellee.

MR. JUSTICE FRANCO SOTO delivered the opinion of the court.

Martha F. Caul sued Luey G. Weidner for the rescission of a contract for the purchase and sale of an Elgin automobile, for the return of a promissory note for $800 made by her in payment of its price, and for the sum of $1,000 as damages. She alleged that she was induced by the defendant to enter into the contract in the belief that the automobile was in perfect running condition when, as a matter of fact, its condition was very poor because of defects in the motor and other parts.

The defendant denied all imputations of false representations made by him to induce the plaintiff to enter into the contract and the trial court dismissed the complaint on the evidence.

The appellant failed to comply with the rules of this court by not including an assignment of errors in the brief. It has been held repeatedly that this omission is a sufficient reason for dismissing an appeal. However, even exercising inherent discretion and going into the merits of the case, we find no ground for reversing the judgment. The whole question turns on the weighing of the evidence by the trial judge.

The plaintiff had been driving a Ford car for several years and expressed to the defendant her desire to have a car with shifting gears. She had seen the defendant driving an Elgin car some time before the date of the contract, and on the day when the contract was signed the plaintiff drove the Elgin car for a distance of some kilometers. She noticed nothing to indicate that the car was not in apparently good running condition. She tested the power of the machine, observed the appearance of the car, and after some dickering about the price, agreed to pay $800 for it and allow the defendant to continue using the car for two or three weeks until he sailed for the States. After the expiration of that period the purchase and sale contract was signed, under which she received the automobile and delivered to the defendant a promissory note for $800 signed by her and payable to him. Shortly thereafter the plaintiff began to have trouble with the clutch and the car had to be subjected to some repairs. In the month following the purchase of the car the plaintiff also sailed for the States, taking the automobile with her. She drove her car from the dock at New York to Dunkirk, where the defendant lived. On the road she had other troubles with the car and found it necessary to have repairs made for which she paid the sum of $26. On seeing the defendant she complained of the difficulties that she had experienced and demanded and received from him the $26 that she had paid for the last repairs. Then the plaintiff

proposed to exchange her car for another which the defendant had in his garage, but this was not carried out because the defendant asked $1,800 in addition to the plaintiff's car. From Dunkirk the plaintiff drove her car to the city of Buffalo and to other cities in New Jersey, a trip of about 1,200 miles, as she claimed, but of 3,000 miles in the estimation of the defendant. The plaintiff returned to Porto Rico in July and brought with her the said automobile. On the ground of being dissatisfied with the purchase of the car because of the troubles which she claimed to have had with it, she took it to the defendant's residence here in Porto Rico, he having also returned from the States, and demanded of him the return of the promissory note and the rescission of the contract. The defendant refused and she left the car in front of his house, obstructing the entrance, for which reason the defendant put it into his garage and then sent a bill to her for its storage.

Under the circumstances of this case we believe that the plaintiff has no right to a rescission of the contract. It was a second-hand car and its condition depended on its much or little prior use. Parts of it that may have withstood, up to the time of the plaintiff's purchase, natural wear and tear or factory defects could have broken down shortly thereafter. Experienced drivers, although not mechanical experts, must presume that in used cars there is the risk of unavoidable troubles superinduced by the passage of time, which is an important factor in all things and should not be forgotten.

However, it might occur, as alleged, that the plaintiff relied solely on the statements of the defendant in warranting that the car was in perfect condition. Yet it does not appear that the plaintiff complained to the defendant as soon as she discovered the defects in the automobile. On the contrary, her action in using the car for months after the purchase, making so long a trip in the States and demanding from the defendant the payment of certain repairs, shows

clearly that if her good faith was in fact surprised in the transaction, she had ratified the contract. Besides, the defective parts had been repaired. She admitted that the clutch that caused the first trouble was replaced by a new one and that the universal joint was repaired in Newark. In no part of the record does the evidence show that the defendant voluntarily consented to a rescission of the contract. It does appear that the defendant agreed to deduct $200 from the price or to repair the car completely. This rather explains his good intention in opposition to the uncompromising attitude of the plaintiff who proposed to the defendant to burn the car, each party losing half of the price.

For the foregoing reasons the judgment appealed from must be affirmed.